*E-Filed 02/16/2010*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

HENRY BOTELHO,

       Plaintiff,

  v.

U.S. BANK, N.A., as Trustee for the LXS 2007-4N Trust,

       Defendant.
_____/

No. C 08-04316 RS

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**

Defendant U.S. Bank, N.A., as Trustee for the LXS 2007-4N Trust ("U.S. Bank"), seeks dismissal under Federal Rule of Civil Procedure 12(b)(6) of a complaint filed by plaintiff homeowner Henry Botelho. Specifically, U.S. Bank claims that Botelho cannot state a claim for rescission of his mortgage loan under the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*, unless he alleges a present ability to tender the loan proceeds. As discussed in further detail below, such an allegation is not necessary for Botelho's case to survive the pleading stage. Accordingly, U.S. Bank's motion is denied.

I. FACTUAL AND PROCEDURAL HISTORY

According to the averments of the Second Amended Complaint ("SAC"),[1] Botelho purchased a home in 2006 located at 1710 Stanton Avenue, San Pablo, California. To finance the purchase, he entered into a residential loan transaction with MortgageIT, Inc. ("MortgageIT"). At escrow on October 11, 2006, Botelho claims to have received pre-printed, unsigned copies of documents associated with his loan. Among these, he alleges, were two copies of a form entitled "Notice of Right to Cancel," both dated September 28, 2006. According to Botelho, the forms explained that he had the right to rescind the loan but did not state that this right had an expiration date.

The SAC is somewhat unclear as to the chain of ownership of Botelho's note, but it implies that ownership passed from MortgageIT to IndyMac Bank, F.S.B. ("IndyMac"), then to the Federal Deposit Insurance Corporation ("FDIC"), and finally to U.S. Bank. The note is currently owned by the LXS 2007-4N Trust, with U.S. Bank serving as trustee.

Botelho decided to rescind his loan in November 2007, more than a year after escrow took place. Accordingly, he gave notice of rescission to MortgageIT and IndyMac, both of whom refused to comply. Botelho therefore filed a complaint against MortgageIT and IndyMac, alleging violations of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* ("TILA") and 12 C.F.R. § 226 ("Regulation Z"). Specifically, he claims that he was entitled to rescission because MortgageIT and IndyMac failed to deliver two copies of a "Notice of Right to Cancel" form that clearly and conspicuously disclosed the date of the transaction and the date the rescission period expired. Botelho later dropped MortgageIT and IndyMac from the lawsuit and added the FDIC, IndyMac's successor. Finally, after the FDIC determined it had no interest in Botelho's note, he dropped the

---

[1] Federal Rule of Civil Procedure 15(a) provides that pleadings, including complaints, may be amended once as a matter of course under certain conditions. Fed. R. Civ. P. 15(a)(1). After the first amendment as of right, however, parties may only make further amendments with the court's leave. Fed. R. Civ. P. 15(a)(2). Such leave is to be "freely give[n] when justice so requires." *Id.* Here, Botelho has neither asked for, nor received, leave to file the SAC. Nonetheless, in light of Rule 15's permissive standard for amendments, the Court will deem it properly filed.

NO. C 08-04316 RS
ORDER

FDIC and added U.S. Bank. U.S. Bank now moves to dismiss. The motion was heard in this Court on February 3, 2010.

## II. ANALYSIS

A.  Judicial Notice

In conjunction with its motion to dismiss, U.S. Bank filed two requests for judicial notice. Facts subject to judicial notice may be considered in deciding a motion to dismiss. *Mullis v. U.S. Bankr. Court*, 828 F.2d 1385, 1388 (9th Cir. 1987). Under Federal Rule of Evidence 201, "[a] judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). In other words, "'the fact must be one that only an unreasonable person would insist on disputing.'" *Walker v. Woodford*, 454 F. Supp. 2d 1007, 1022 (S.D. Cal. 2006) (quoting *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994)).

The first document U.S. Bank asks the Court to notice is a fully-filled out form bearing the title "Notice of Right to Cancel," setting a three day rescission deadline, and purporting to bear Botelho's signature. Exh. 1, Request for Judicial Notice, filed December 15, 2009. In support of its request, U.S. Bank points to a series of cases in this Circuit where district courts have taken judicial notice of loan documents. *Lynch v. RKS Mortgage, Inc.*, 588 F. Supp. 2d 1254, 1256 n.2 (E.D. Cal. 2008) (granting defendant banks' request for judicial notice of loan documents when plaintiff homeowner had not challenged the documents' authenticity and had referred to them throughout his complaint); *Seagren v. Aurora Loan Servs., Inc.*, No. CV 09-5050 ODW (AGRx), 2009 WL 3534171, at *2 (C.D. Cal. Oct. 28, 2009) (granting defendant bank's request for judicial notice of signed "Notice of Right to Cancel" form after plaintiff homeowner failed to oppose request); *Pineda v. GMAC Mortgage LLC*, No. CV 08-5341 AHM (PJWx), 2008 WL 5432281, at *5-6 (C.D. Cal. Dec. 29, 2008) (granting defendant bank's request for judicial notice of loan documents after plaintiff homeowner failed to oppose the request, even though the complaint itself claimed that the

documents contained forged signatures); *Johnson v. First Fed. Bank of Calif.*, No. C 08-00264 PVT, 2008 WL 682497, at *2 n.5 (N.D. Cal. March 10, 2008) (taking judicial notice of loan documents after noting that they were already a matter of public record because they were attached to a motion the defendant bank had filed in plaintiff's bankruptcy case).

Unlike the plaintiffs in these cases, Botelho actively opposes the bank's request for judicial notice—an indication that the document's authenticity is not so clear "that only an unreasonable person would insist on disputing" it. *Walker*, 454 F. Supp. 2d at 1022; *see also Lopez v. Wachovia Mortgage*, 2:09-CV-01510-JAM-DAD, 2009 WL 4505919, at *2 (E.D. Cal. Nov. 20, 2009) (taking judicial notice of those loan documents which the parties agreed were authentic, but declining to do so for the one loan document whose authenticity plaintiff disputed); *Anderson v. Countrywide Fin.*, No. 2:08-cv-01220-GEB-GGH, 2009 WL 3368444, at *2-3 (declining to take judicial notice of signed "Notice of Right to Cancel" forms, when plaintiff objected to the judicial notice and attached a competing "Notice of Right to Cancel" to her own complaint).  Fundamentally, the heart of Botelho's entire complaint is contained in his allegation that he did not see or receive copies of this very document which U.S. Bank now contends bears his signature.  Therefore, it is apparent from the face of the complaint that the authenticity of the signed "Notice of Right to Cancel" form is not "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).  Judicial notice of the document is thus inappropriate.

U.S. Bank's second judicial notice request pertains to various court papers documenting Botelho's bankruptcy proceedings.  *See* Exh. 2-6, Supplemental Request for Judicial Notice, filed January 20, 2010.  Judicially noticed facts often consist of matters of public record, such as prior court proceedings, *see, e.g.*, *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1198 (9th Cir. 1988); administrative materials, *see, e.g.*, *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994); or other court documents, *see, e.g.*, *Rothman v. Gregor*, 220 F.3d 81, 92 (2d Cir. 2000) (taking judicial notice of a filed complaint as a public record).  The Ninth Circuit has traditionally interpreted Rule 201 as allowing courts to "take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *United States*

*ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992); *see also Kasey v. Molybdenum Corp. of Am.*, 336 F.2d 560, 563 (9th Cir. 1964) (ruling that the U.S. District Court for the Eastern District of California was correct to take judicial notice of court records from a related case in the U.S. District Court for the Southern District of California).

Here, U.S. Bank asks the Court to take notice of (1) the docket report in Botelho's bankruptcy case in the Northern District of California (Exh. 2); (2) Botelho's Voluntary Chapter 13 bankruptcy petition, filed May 19, 2009 (Exh. 3); (3) his Chapter 13 Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income (Exh. 4); (4) his Chapter 13 plan (Exh. 5); and (5) a Confirmation Order entered by the Court following a creditors' meeting (Exh. 6). The guidance noted above from the Ninth Circuit and several district courts suggests there is some precedent for the judicial notice of these five documents, in the right circumstances. Nonetheless, an examination of the documents and their content indicates that they have little or no bearing on the determination of the instant motion. For this reason, the propriety of judicially noticing them need not be resolved in conjunction with this request for dismissal, and the request for judicial notice as to these documents will therefore be denied.

B.  Motion to Dismiss

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. *See Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). Dismissal under Rule 12(b)(6) may be based either on the "lack of a cognizable legal theory" or on "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). Hence, the issue on a motion to dismiss for failure to state a claim is not whether the claimant will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims asserted. *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). When evaluating such a motion, the court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996). "[C]onclusory allegations of law and

unwarranted inferences," however, "are insufficient to defeat a motion to dismiss for failure to state a claim." *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996).

U.S. Bank presents two arguments as to why the instant complaint should be dismissed under Rule 12(b)(6). First, it argues that Botelho is spuriously contending that he did not receive two copies of the "Notice of Right to Cancel" that clearly and conspicuously disclosed the date of the transaction and the date the rescission period expired. According to U.S. Bank, Botelho himself has acknowledged in writing his receipt of two such copies. Therefore, it is argued, his complaint should be dismissed.

This argument relies entirely upon U.S. Bank's success on its request for judicial notice of the alleged signed receipt—a result which, as noted above, has not transpired. The standard of review for a Rule 12(b)(6) motion dictates that all material allegations in the complaint must be taken as true, including, in this instance, Botelho's allegation that he did not receive the requisite notice. U.S. Bank's only available avenue to overcome Botelho's averment at the pleading stage is its ill-fated request for judicial notice, and therefore this argument does not warrant dismissal of the action.

U.S. Bank next contends that Botelho fails to state a claim for rescission under TILA and Regulation Z because he has not alleged that he has the present ability to tender the loan proceeds. Botelho does not take the position that he *has* alleged such an ability, but rather argues that he should be allowed to proceed on his rescission claim without such an express allegation in the complaint.

The procedure governing rescission of a loan transaction under TILA is set forth in 15 U.S.C. § 1635(b), which provides, in relevant part:

> Within 20 days after receipt of a notice of rescission, the creditor shall return to the obligor any money or property given as earnest money, downpayment, or otherwise, and shall take any action necessary or appropriate to reflect the termination of any security interest created under the transaction. If the creditor has delivered any property to the obligor, the obligor may retain possession of it. Upon the performance of the creditor's obligations under this section, the obligor shall tender the property to the creditor, except that if return of the property in kind would be impracticable or inequitable, the obligor shall tender its reasonable value.

In *Yamamoto v. Bank of New York*, the Ninth Circuit explained that a district court may alter the rescission procedures described in TILA and retains "discretion to condition rescission on tender by the borrower of the property he had received from the lender." 329 F.3d 1167, 1171 (9th Cir. 2003) (internal quotation marks and citation omitted). Whether rescission should be so conditioned "depends upon the equities present in a particular case, as well as consideration of the legislative policy of full disclosure that underlies the Truth in Lending Act and the remedial-penal nature of the private enforcement provisions of the Act." *Id.* (internal quotation marks and citation omitted).

U.S. Bank reads *Yamamoto* to stand for the proposition that district courts may, in their discretion, require any plaintiff trying to state a claim for rescission under TILA to represent an ability to tender loan proceeds in the complaint. In effect, this would confer upon the district court the discretionary power to add, in particular cases and based on uncertain criteria, an item to the list of elements required to state a rescission claim. *Yamamoto* does not authorize such an unorthodox procedure. It was decided in the procedural context of summary judgment, when the district court was in a position to consider a full range of evidence in deciding whether to condition rescission on tender. *Id.* at 1173 (explaining that the court's discretion should be governed by "all the circumstances including the nature of the violations and . . . . [whether] the *evidence* [shows] that the borrower lacks capacity to pay back what she has received" (emphasis added)).

The instant case stands in an entirely different procedural posture. The litigation here has progressed only as far as the pleading stage. The Court cannot consider any evidence to show that the borrower lacks capacity to pay back what he has received, because there is no evidence of any kind before the Court. There are only the averments of the complaint.[2] *Yamamoto* cannot be read to vest in the district courts discretion to require *some* plaintiffs to plead an extra element in their TILA complaints, but not to require it of others.

---

[2] Indeed, Rule 12(d) effectively bars the introduction of any outside evidence in the 12(b)(6) context, by providing that any motion under Rule 12(b)(6) which presents matters outside the pleadings "*must* be treated as [a motion] for summary judgment under Rule 56." Fed. R. Civ. P. 12(d) (emphasis added).

Admittedly, U.S. Bank correctly argues that district courts are far from united in their reading of *Yamamoto*. In fact, courts in this district and elsewhere have produced a variety of responses to the question posed by this case. *Compare, e.g.*, *Avina v. BNC Mortgage*, No. C 09-04710 JF, 2009 WL 5215751, at *2-3 (N.D. Cal. Dec. 29, 2009) (collecting cases and concluding that the court could exercise its discretion to require the homeowner plaintiff to allege "either the present ability to tender the loan proceeds or the expectation that she will be able to tender within a reasonable time"), *and Mangindin v. Wash. Mut. Bank*, No. C 09-01268 JW, 2009 WL 1766601, at *3 (N.D. Cal. June 18, 2009) (dismissing claim for rescission where plaintiffs failed to allege "that they attempted to tender, or are capable of tendering, the value of the property" or "that such equitable circumstances exist that conditioning rescission on any tender would be inappropriate"), *with, e.g.*, *Singh v. Wash. Mut. Bank*, No. C 09-02771 MMC, 2009 WL 25888885, at *3 (N.D. Cal. Aug. 19, 2009) (collecting cases and noting that *Yamamoto* did "not hold that a claim for rescission must, in all instances, be conditioned on a tender offer by the plaintiff"), *and ING Bank v. Ahn*, No. C 09-00995 TEH, 2009 WL 2083965, at *2 (N.D. Cal. July 13, 2009) (noting "*Yamamoto* did not hold that a district court must, as a matter of law, dismiss a case if the ability to tender is not pleaded").

Since no consensus has yet emerged from this milieu, a careful interpretation of *Yamamoto* is in order. As explained above, *Yamamoto*'s procedural posture and concluding language strongly suggest that district courts lack the discretion, at the pleading stage, to require TILA plaintiffs to allege the present ability to tender. 329 F.3d at 1173 (implying that district courts should base their decision as to when a plaintiff must show ability to tender on the particular "circumstances" and "evidence" of each case). This reading of *Yamamoto* is also consistent with the liberal pleading standards of Federal Rule of Civil Procedure 8, which require only that the averments of the complaint sufficiently establish a basis for judgment against the defendant. *AlliedSignal, Inc. v. City of Phoenix*, 182 F.3d 692, 696 (9th Cir. 1999). Finally, and most fundamentally, this is the most workable practice. It is hard to see how a judge could decide on the bare pleadings whether to require a given plaintiff to allege an extra element of a claim in order to proceed any further with his

No. C 08-04316 RS
ORDER

or her suit. The enumerated elements of any given claim are among the most fixed of legal principles; a particular fact either must be pleaded every time in order to state a claim, or it need not be pleaded at all. The list of elements cannot be altered on a case-by-case basis.

In light of these considerations, Botelho's complaint is not deficient for failure to plead ability to tender loan proceeds.[3] As U.S. Bank points to no other weakness in his complaint besides his failure to include the tender allegation, Botelho's case survives the 12(b)(6) challenge. U.S. Bank's motion to dismiss is denied.

IT IS SO ORDERED.

Dated: 02/16/2010

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

---

[3] Although *Yamamoto* does not sanction dismissal, at the pleading stage, for failure to allege ability to tender, these considerations certainly come into play in the summary judgment context. *See Yamamoto*, 329 F.3d at 1173 (concluding that district courts do "not lack discretion to modify the sequence of rescission events [under TILA] to assure that [the borrower can] repay the loan proceeds before going through the empty (and expensive) exercise of a trial on the merits").

No. C 08-04316 RS
ORDER